United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KHN SOLUTIONS LLC,

Plaintiff,

v.

SHENZHEN CITY XUEWU FEIPING TRADING CO., LTD., a Chinese Company; SHENZHEN YUANYUHAOHAN TECHNOLOGY CO., LTD., a Chinese Company; SHENZHEN AIMASI ELECTRONIC CO., LTD., a Chinese Company; ROFEER-US, a Chinese Company; ZONGHUI LI, an Individual; GUANGZHOU CITY JIAN SHENG TRADING CO., LTD., a Chinese Company; JINMEI GONG, an Individual; CHENGDU CITY XIANG JIN XIN COMMERCIAL & TRADING CO., LTD., a Chinese Company; LIANDI CHEN, an Individual; SHENZHEN CITY MENG QIAN HUA KAI TRADING CO., LTD., a Chinese Company; MENGQIAN JIANG, an Individual;; HARBANS SINGH PALDA, an Individual; RICHARD GAWEL, an Individual; DONGQING CHEN, an Individual; DEBIAO PANG, an Individual; and DOES 1–50,

Defendants.

No. C 20-07414 WHA

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND GRANTING INTERIM RELIEF**

## INTRODUCTION

In this false-advertising action, plaintiff seeks default judgment (Dkt. No. 101; *see also* Dkt. No. 83). For reasons that follow, this order will grant interim relief against Amazon.com, Inc., impounding funds and products of defendants. Final relief may later be granted after defendants have had another opportunity to appear to defend.

**STATEMENT**

Plaintiff KHN Solutions LLC makes blood-alcohol concentration breathalyzers (2d Amd. Compl. ¶ 44–48). Defendants make breathalyzers, too — but theirs don't work and are popularized by fake reviews and false quality assurances on Amazon (*see, e.g.*, *id.* ¶¶ 1–8, 12–39). So plaintiff brought false-advertising claims under federal and state law (*id.* ¶¶ 87–108).

Defendants, in China, made service of process difficult: To effect service, plaintiff first identified addresses through marketplace websites, trademark registries, and corporate registries; tested those addresses using mailings and private investigators, including in China; and finally identified and tested email addresses (*see* Dkt. Nos. 23, 60, 74 (citing sworn declarations)). The magistrate judge determined that defendants' previously listed addresses were either false or defunct (one was for a fast-food establishment in China), and thus that defendants' addresses were not known (*see ibid.*). Accordingly, the magistrate judge found ordinary service not possible, the Hague Convention did not apply, and the tested email addresses adequate alternatives for effecting service (*see ibid.*). *See, e.g.*, *Goes Int'l, AB v. Dodur Ltd.*, No. 14-cv-5666 LB, 2015 WL 1743393, at *3 (N.D. Cal. Apr. 16, 2015) (Judge Laurel Beeler) (finding similarly); *see also* Hague Service Convention art. I, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (inapplicable where physical address unknown); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1013, 1015–16 & n.4 (9th Cir. 2002) (email address adequate where physical address unknown and Hague Convention did not apply). Default was eventually entered as to all defendants (Dkt. Nos. 72, 80).

Finally, plaintiff moved for default judgment (Dkt. No. 101-2 at 21–24). The magistrate judge overseeing the case recommended granting a permanent injunction and damages (Dkt. No. 102 ("Report")). There being no consent to magistrate jurisdiction, the case had to be reassigned for review and final judgment.

The undersigned district judge was concerned the recommended injunction burdened a third party, Amazon.com, Inc. An order asked Amazon to comment (Dkt. No. 105). Amazon proposed revisions, including that:

United States District Court
Northern District of California

- Amazon stop sales of and seize not just defendants' "Rofeer Product" but "Rofeer Product*s*," newly identified by three Amazon Standard Identification Numbers; and that

- Amazon transfer defendants' allegedly ill-gotten gains only after Amazon covered its fees from all those sales.

(Dkt. No. 106 ("Comment") at 2–3). These revisions necessarily critique the recommended injunction, so this order will take a fresh look at those criticisms. 28 U.S.C. § 636(b)(1) (2023); FRCP 72(b)(3). And, they raise questions about the damages award, pushing the district judge to revisit it, too. *Ibid.*

## ANALYSIS

After setting out the standard, this order addresses in turn the injunction and damages.

### 1. The Legal Standard.

The district court must take as true the complaint's factual allegations — except those respecting *damages* — when deciding default judgment. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam). And, this order further accepts the magistrate judge's other factual and legal findings unless objected to above or expressly reconsidered here. 28 U.S.C. § 636(b)(1). Default judgment will be warranted if the possible harm to plaintiff from denying meritorious relief plainly outweighs the possible harm to defendant from granting mistaken relief. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (citing seven factors from *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986)).

### 2. The Proposed Injunction.

This order reconsiders the products the injunction specifies, the mandates concerning them, and the payment-related provisions. Any injunction must still meet the *eBay* standard as adjusted by the Lanham Act. *Y.Y.G.M. SA v. Redbubble, Inc.*, 75 F.4th 995, 1005 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 824 (2024) (citing *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006), and 15 U.S.C. § 1116(a)).

#### *A. The Product(s) Specified.*

Amazon and plaintiff first object to the recommended injunction's failure to specify the particular breathalyzers that Amazon discontinue. They propose adding identifiers for three

United States District Court
Northern District of California

specific models of Rofeer-branded breathalyzers, not just one model (*compare* Comment ¶ II.a.ii, *with* Report ¶ V.a).

The injunction recommended by the magistrate judge lacked specificity — but so did plaintiff's allegations and the record. The amended complaint concerned a "Rofeer® Breathalyzer," "Product," or "product" (*e.g.*, 2d Amd. Compl. ¶¶ 6–7, 50, 63–65). Although it sometimes alleged there were "Rofeer® Breathalyzers" or "Products," it did so in ways plausibly referring to multiple units of just one model (*e.g.*, *id.* ¶¶ 9, 51). The complaint never stated a specific model name, product number, or web address of the complained-of Rofeer product(s) (*see, e.g.*, *id.* ¶¶ 59, 70, 77). As a result, the complaint's allegations about fake reviews and poor breathalyzer test results — even when accepted as true — are untethered from one or two or three specific "Rofeer Product" model(s). Later case-management statements failed to clarify the issue (*e.g.*, Dkt. No. 58 at 6; Dkt. No. 76 at 6). True, during *ex parte* discovery, Amazon did suggest that of the many "Rofeer®-branded breathalyzers" it investigated only "certain" products identified "by Plaintiff," the "B07ZH6PVD4" and "B08CZBL7YS" products (Dkt. No. 48-1 Fulmer Exh. A ("Amazon Decl.") ¶¶ 3, 5). But when plaintiff moved for default judgment, only *one* of those identifiers made it into even the attachments (Dkt. No. 101-1 Fulmer Decl. ¶ 8 & Exh. A (re product page for B07ZH6PVD4)). *Neither* identifier made it into the proposed text of the injunction (Dkt. No. 101-2 at 20–24). Now, for the first time, Amazon and plaintiff propose revising the injunction to include *three* Rofeer Products, designated by their Amazon identifiers B07ZH6PVD4, B08CZBL7YS, and B088TQ6RX8 (*compare* Comment ¶ II.a.ii, *with* Report ¶ V.a).

But how can the Court permanently enjoin the sales of three specific products, when there is only an allegation or evidence supporting at most one product being falsely advertised? Plaintiff was required to *plead* false advertising with specificity, then prove it. *See* FRCP 9(b); *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103–06 (9th Cir. 2003); *23andMe v. Ancestry.com*, 356 F. Supp. 3d 889, 908 (N.D. Cal. 2018) (Judge Edward M. Chen), *aff'd*, 778 Fed. App'x 966 (Fed. Cir. 2019) (mem.). It failed except as to one product: B07ZH6PVD4 (*see* Dkt.

No. 101-1 Fulmer Decl. ¶ 8 & Exh. A (product page with advertising statements); *id.* Exh. E ¶ 5 (testing results for product from that product page)).

As a result, this order does not grant the proposed permanent injunction. But, on this record and for the reasons stated further below, interim relief is warranted. *See infra* Part 4.

### *B. The Action(s) Mandated.*

This order next *sua sponte* reconsiders the actions to be mandated with respect even to that one product. Recall the complaint concerns false advertising, not counterfeiting, and that the report cites false advertising cases that grant injunctions (*see* Report 16 & n.9). In those past cases, however, the injunctions stopped defendants from making false statements about their products: *U-Haul Int'l., Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1043 (9th Cir. 1986); *Heary Bros. Lightning Protection Co., Inc. v. Lightning Protection Inst.*, 262 Fed. App'x 815, 816–17 (9th Cir. 2008) (mem.). In this case, the recommended injunction would do more than that: It would permanently stop defendants from selling their product (including from unspecified sites besides Amazon's, where no false statements have been shown). It would even order the shipping of offending breathalyzers to plaintiff. And it would permanently disable the defendants' purported seller accounts, even though the record does not show that defendants' sole use of these accounts is for selling falsely advertised items (*see* Report 22–23). These permanent impositions go beyond correcting the complained-of harm.

Again, this order does not grant the proposed permanent injunction, but does find interim relief warranted on this record and for the reasons stated further below. *See infra* Part 4.

### *C. The Payment-Related Provisions.*

This order also declines to grant the injunction's payment provisions, though for reasons better explained alongside a broader review of the damages award, next.

## 3. The Proposed Damages Award.

Amazon and plaintiff next critique the recommended injunction's failure to provide Amazon with funds to cover its costs incurred by the merchants making the offending sales (*see* Comment 2). That concern raises larger issues with the damages award that this order will

consider. Ultimately, because the proposed damages award would permit multiple recoveries when even one would be too much on this record, this order denies the proposed award.

*First*, the proposed injunction permits double, triple, or even sixteen-fold recovery. That is because it lets plaintiff recoup "up to the amount of the Court's damages award" from Amazon, then go to financial institutions and payment processors "not limited to" the *fifteen* listed in the injunction to get "the amount of the Court's damages award" (Comment 3). Plaintiff has not established that defendants even have accounts with all third parties. And there is no proposed way to stop the disfavored result: "a double recovery under the Lanham Act." *See Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1010 (9th Cir. 1994), *cert. denied*, 515 U.S. 1107 (1995). But even a single recovery of the recommended award would be unsupported by the law and facts:

*Second*, the recommended damages award exceeds what the law allows, because it impounds all sales revenue, not just plaintiff's actual damages or defendants' profits (*see* Dkt. No. 101-2). The Lanham Act empowers a plaintiff to recover compensation, not punitive damages, and to measure that compensation either by plaintiff's actual damages or by defendant's profits. *See Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1077 (9th Cir.), *cert. denied*, 577 U.S. 957 (2015); *see Nintendo*, 40 F.3d at 1010. If taking the measure of defendant's profits, a plaintiff first proffers "defendant's sales" before the burden shifts to defendant to prove any costs expended to generate those sales (with sales minus costs equaling defendant's profits). *See Fifty-Six Hope Rd.*, 778 F.3d at 1077; 15 U.S.C. § 1117(a). Ultimately, however, our court of appeals holds that the *plaintiff* bears the burden of proving the "defendant's gross *profits* from the infringing activity with reasonable certainty." *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1408 (9th Cir. 1993) (emphasis added), *abrogated on other grounds by SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179 (9th Cir. 2016) (en banc) (per curiam).

In most cases, and in this case, total sales surpass profits. Selling always has costs. Awarding defendants' total revenues ignores that reality. Similarly, total sales surpass what plaintiff possibly would have earned but-for the purported misconduct. Selling products

almost always involves competing against more than one rival for the sale. Here, there were multiple rivals: Plaintiff compares defendants' product not only to its own but to third-party "Lifeloc's FC10 police-grade industry standard breathalyzer" (Dkt. No. 101-1 Fulmer Exh. E ¶ 10). If plaintiff made fewer sales because of defendants, Lifeloc likely made fewer sales, too. Thus, awarding *all* of defendants' revenues (or profits) to plaintiff also ignores this reality. Plaintiff makes no substantive or equitable argument to justify such outsized relief. *Cf. Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

The report recommending the award does cite to district courts granting damages in the amount of defendant's sales where no offsetting costs were proven (*see* Report 18 & n.12): *Craigslist, Inc. v. Kerbel*, No. C-11-3309 EMC, 2012 WL 3166798, at *18 (N.D. Cal. Aug. 2, 2012) (Judge Edward M. Chen); *Herbalife Int'l of Am., Inc. v. Healthy1 Inc.*, No. 2:18-cv-6378-JFW-JC, 2019 WL 7171553, at *2 (C.D. Cal. Dec. 5, 2019) (Judge John F. Walter). But those cases each involved defendants who used plaintiffs' marks in commerce, rather than defendants who simply made false statements about their own products. And, perhaps because the harm to plaintiffs was therefore more direct, the district courts did not examine whether defendants' sales were an unreasonable measure of defendants' profits (or of plaintiff's damages). Whatever the case, those courts evidently did not confront a situation where the award surpassed what equity allowed, which is the Lanham Act's limit. *See* 15 U.S.C. § 1117(a). Those decisions also did not cite binding authority for those findings. Finally, in a decision the report did not cite, our court of appeals held that a defendant's revenues can be an appropriate award but under unique circumstances that make such an award necessary to attain the Act's objectives. *See Polo Fashions, Inc. v. Dick Bruhn, Inc.*, 793 F.2d 1132, 1135 (9th Cir. 1986); *see also* 15 U.S.C. § 1117(a). The record does not yet show this is such a case.

*Third*, even if defendants' "sales" were the right measure in concept (they weren't), the recommended damages award surpasses what the allegations and record support were the "sales" in fact. The report recommends $1,823,707 (Report 21). This is nearly twice the amount plaintiff alleged in its amended complaint as its likely minimum award (2d Amd. Compl. ¶ L). So where exactly did the report and plaintiff newly come up with that amount?

We can't ultimately be sure. Third-party Amazon provided an authenticated spreadsheet showing the sellers alleged to have made the offending sales (*see, e.g.*, Dkt. No. 48-1 Fulmer Decl. ¶ 11; Amazon Decl. ¶ 8 & Exh. 1). But although Amazon purportedly provided columns also showing the dollar amounts of the sales, those columns were not in the copy Amazon filed (*see, e.g.*, *ibid.*). This was ostensibly for confidentiality reasons (*see ibid.*). But when plaintiff ultimately did specify the dollar sales from each seller, it chose not to reproduce Amazon's spreadsheet. Instead, it "prepar[ed] under [its] direction [another document] based on portions of Amazon's production[ that] show[] the sales for each Defendant" (Dkt. No. 101-1 Fulmer Decl. ¶ 12). The Court has no reason to disbelieve counsel's sworn declaration. Nonetheless, because of the lack of detail described above, we do not know if the figures copied reflected one, two, three, or more product models. Plaintiff filed a complaint and amended it twice, then developed a further record that it attached to its motion seeking default judgment. It had abundant opportunities to produce evidence of the compensation it was due, if any. It failed.

As a result, this order does not grant the proposed damages award and the proposed injunction to collect that award. The Court is not bound by the complaint's allegations as to damages. *TeleVideo Sys.*, 826 F.2d at 917–18. And, plaintiff never provided adequate record evidence to support them.

**4. THE RELIEF GRANTED.**

Final judgment must provide "the relief to which each party is entitled." FRCP 54(c). As the above discussion shows, defendants' refusal to appear to defend has led to a hodge-podge mess. Ultimately, the Court may grant permanent relief to plaintiff, but in the meantime interim relief will be granted.

Defendants are selling products into American commerce using false advertising and using Amazon to reach the consuming public. Defendants hide behind fictitious addresses in China and make service of process impossible, thus reaping the benefits of the American economy, ripping it off via false advertising, yet refusing to appear in American courts to defend their conduct and to be held accountable. As a result:

United States District Court
Northern District of California

**THE FOLLOWING IS HEREBY ORDERED:** Until further order, Amazon.com, Inc. shall:

1) Cease to deal with any defendants in this case and with any person(s) or entity(ies) that Amazon knows or reasonably should know to be operating for the benefit of any defendant(s) in this case, including by disabling (but not deleting) the Amazon Merchant IDs A1TDNN0FBSQBQJ, AAMUJL9WOHPQF, A3P13DS4MH7GJH, A1877UPA84I8J4, AOMSZGCZMXRPN, A2IZ3ZXYTPTY23, A3TSEFWV73YTBM, A2ZZC6TCCUOF9J, A3SFQNENLP8NPT, A3RBBHIOC0BOQY, and ATR2J4371N1V8;

2) Impound any products in Amazon's control that are at issue in this case, specifically those known by Amazon Standard Identification Numbers B07ZH6PVD4, B08CZBL7YS, and B088TQ6RX8;

3) Impound all revenues in the Amazon accounts of persons or entities in Paragraph 1 that have accrued from selling the products in Paragraph 2.

Upon the Court's further order, the impounded funds might be released to defendants or possibly to plaintiff — or to someone else, perhaps even to disappointed purchasers. Same goes for the products. But defendants must show up to make their case.

**IT IS FURTHER ORDERED** that plaintiff and Amazon shall serve a copy of this order on defendants according to the approved methods of alternative service (*see* Dkt. Nos. 23, 60, 74), and shall certify to having done so **BY OCTOBER 11, 2024.** Plaintiff and Amazon are encouraged to make other reasonable efforts to produce defendants in court.

The purpose of the impounding by Amazon is to create a fund against which the Court may award damages (once determined) in favor of plaintiff. Another purpose is to get the immediate attention of defendants and to break the cycle of selling into our country but refusing to appear and to defend, meaning to get the attention of defendants and persuade them to appear and to defend on the merits.

**FINALLY, IT IS ORDERED** that defendants shall enter an answer or other appearance in this matter **BY NOVEMBER 15, 2024.** Regardless, plaintiff shall enter a status update **BY NOVEMBER 15, 2024.** That status update shall succinctly describe (1) any further efforts to obtain defendants' appearance, (2) the presence (or not) of falsely advertised breathalyzers made by defendants on Amazon's marketplace since the issuance of this order, and (3) the next step(s) the plaintiff would ask the Court to take.

United States District Court
Northern District of California

**CONCLUSION**

The motion for default judgment (Dkt. No. 101; *see also* Dkt. No. 83) is **Denied Without Prejudice.** Likewise, the related hearing and administrative motion (Dkt. Nos. 105, 107) are **Vacated** and **Denied as Moot**, respectively. The above interim relief is designed to prompt defendants to appear to defend their conduct so that we can reach a decision on the merits. Should defendants fail to appear as ordered, this Court will invite plaintiff to enter a renewed motion for default judgment.

**IT IS SO ORDERED.**

Dated: September 30, 2024.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE