UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KHN SOLUTIONS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SHENZHEN CITY XUEWU FEIPING TRADING CO., LTD., a Chinese Company; SHENZHEN YUANYUHAOHAN TECHNOLOGY CO., LTD., a Chinese Company; SHENZHEN AIMASI ELECTRONIC CO., LTD., a Chinese Company; ROFEER-US, a Chinese Company; ZONGHUI LI, an Individual; GUANGZHOU CITY JIAN SHENG TRADING CO., LTD., a Chinese Company; JINMEI GONG, an Individual; CHENGDU CITY XIANG JIN XIN COMMERCIAL & TRADING CO., LTD., a Chinese Company; LIANDI CHEN, an Individual; SHENZHEN CITY MENG QIAN HUA KAI TRADING CO., LTD., a Chinese Company; MENGQIAN JIANG, an Individual; HARBANS SINGH PALDA, an Individual; RICHARD GAWEL, an Individual; DONGQING CHEN, an Individual; DEBIAO PANG, an Individual; and DOES 1–50,<br><br>    Defendants. | No. C 20-07414 WHA<br><br>**ORDER DENYING SEALING** |

This order resolves the pending sealing motion (Dkt. No. 111).

The motion seeks to seal an exhibit attached to the status update that supplemented and renewed plaintiff's motion for entry of default judgment (*see id.* (re Dkt. No. 112)). Specifically, the exhibit at issue is a table containing information about the seller accounts on amazon.com that correspond to defendants and to sales of products related to this case (*see* Dkt. No. 111-3 at 3 (sealed)).

This filing is presumptively public, and requires compelling reasons to seal. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). That standard applies because the public especially enjoys the right to know to whom and from whom the courts provide relief. *See ibid.* And, it applies because this information is related to whether defendants are liable, failed to appear for excusable neglect, and other issues more than tangentially related to the merits of the pending motion that seeks to dispose of this action (*see* Dkt. No. 111-1 ("Ertas Decl.") ¶ 4; Dkt. No. 108 at 2–3; Dkt. No. 125). *Cf. Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir.), *cert. denied*, 580 U.S. 815 (2016).

There are no compelling reasons to seal these records. We are told that Amazon, Inc. "designated portions of the spreadsheet confidential in accordance with the Court's protective order" (Ertas Decl. ¶ 4). But "confidential categorization of discovery documents under the protective order was not a guarantee of confidentiality, especially in the event of a court filing." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006). The instant protective order said as much (Dkt. No. 38 § 12.3). Moreover, our federal rules already acknowledge that the last four digits (or tails) of bank account numbers can be filed without redaction. *See* Fed. R. Civ. P. 5.2(a)(4). The other stuff here, mainly corporate contact information, is even more innocuous. And, in this case, the public interests in putting sunlight on alleged false advertising makes especially plain the wisdom of presumptive public access to public court records. *Cf. Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567–68 (7th Cir. 2000) (Judge Frank Easterbrook)

Plaintiff shall re-file the exhibit onto the public docket in conformance with this order by **NOON ON MARCH 20, 2025.**

**IT IS SO ORDERED.**

Dated: March 11, 2025.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE